IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH F. WOLFE,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION NO. 16-00103-WS-B |
| **TERRY OLIVER**, | : |
| **Defendant.** | : |

**REPORT AND RECOMMENDATION**

Plaintiff Joseph F. Wolfe, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 (Doc. 1), together with a Motion to Proceed Without Prepayment of Fees (Doc. 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. ALA. GenLR 72(a)(R), and is now before the Court due to Plaintiff's failure to pay the partial filing fee as directed.

In an Order dated March 16, 2016 (Doc. 3), Plaintiff was directed to file his complaint on this Court's form for § 1983 actions, and to refile his Motion to Proceed Without Prepayment of Fees because it was not signed by an authorized prison official. (Id.) In response, Plaintiff filed his complaint on this Court's form as directed, and submitted a Motion to Proceed Without Prepayment of Fees, signed by an appropriate prison official. (Docs. 4, 5). Upon review, Plaintiff's motion was granted on April 7, 2016, and he was ordered

to pay a $4.56 partial filing fee by May 6, 2016. (Doc. 6). Plaintiff was cautioned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action. To date, Plaintiff has not paid the partial filing fee nor has he requested additional time in which to pay the fee. Additionally, his copy of the Court's Order dated April 7, 2016 (Doc. 6) has not been returned to the Court.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action by paying the partial filing fee, as directed, the Court recommends, through its inherent powers, that this action be dismissed without prejudice. Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Wilson v. Sargent, 313 F.3d 1315, 1321-22 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); see generally Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the

2

court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

If Plaintiff disputes the Court's finding that he failed to pay the partial filing fee and if he desires to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay.  Wilson, 414 F.3d at 1320 (citing Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee)).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P. 72(b)**; S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district

3

court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th *Cir. R. 3-1*.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **1st** day of **June, 2016.**

                                                  **/s/ SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**